Argued and submitted June 28, affirmed October 11, 1989

# STATE OF OREGON,
*Respondent,*

*v.*

# CLIFFORD EUGENE CALDWELL,
*Appellant.*

(C87-12-36954; CA A49191)

780 P2d 789

Lawrence J. Hall, Deputy Public Defender, Salem, argued

the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

Edmonds, J., dissenting.

## GRABER, P. J.

Defendant appeals from convictions for kidnapping in the first degree, rape in the first degree, sodomy in the first degree, and robbery in the third degree. ORS 163.235; ORS 163.375; ORS 163.405; ORS 164.395. He assigns as error the giving of a jury instruction that "one who has the purpose of forcibly raping another has the purpose of causing physical injury."[1] We affirm.

The trial court first instructed the jury on general matters, including these:

"It is your sole responsibility to make all the decisions about the facts in this case.

"* * * * *

"You are further instructed that the law presumes that the defendant is innocent, and this presumption follows the defendant unless and until the defendant is proven guilty beyond a reasonable doubt. The burden is upon the state to prove the guilt of a defendant beyond a reasonable doubt."

Then the court instructed "regarding the elements of the various crimes that the defendant is charged with." With respect to kidnapping in the first degree, the court said:

"A person commits Kidnapping in the First Degree if, with intent to interfere substantially with another person's personal liberty and without consent or legal authority he takes the other person from one place to another to cause physical injury to the victim."

The burden is on the state, she instructed, to "prove beyond a reasonable doubt" the elements of that crime, including the element that defendant acted with the purpose to cause physical injury to the victim.

With respect to rape in the first degree, the court instructed that the state must prove beyond a reasonable doubt each element, including the element that defendant

---

[1] In his second assignment of error, defendant contends that OEC 609, as amended by Or Laws 1987, ch 2, § 9, and as interpreted in *State v. King*, 307 Or 332, 768 P2d 391 (1989), deprives him of the right to a trial "by an impartial jury," which Article I, section 11, of the Oregon Constitution and the Sixth Amendment guarantee. He did not make that argument in the trial court; therefore, we decline to consider it. *See State v. King, supra*, 307 Or at 338. Defendant's third assignment of error lacks merit and requires no discussion.

subjected the victim to forcible compulsion. With respect to sodomy in the first degree, the court similarly instructed that the state must prove beyond a reasonable doubt that defendant subjected the victim to forcible compulsion. With respect to robbery in the third degree, the court instructed that the state must prove beyond a reasonable doubt that defendant, in the course of committing theft, used physical force against the victim.

After instructing on the elements of the crimes, the trial court told the jury that she was going to give them "various definitions." "Physical injury" was defined as "an injury that impairs a person's physical condition or causes substantial pain." "Forcible compulsion" was defined to include physical force or a threat that places the victim in fear of immediate physical injury. The challenged instruction appeared in the list of definitions.

■ The trial court gave that instruction on the basis of *State v. Strickland,* 36 Or App 119, 584 P2d 310 (1978). In *Strickland,* we held that "[o]ne who has the purpose of forcibly raping another has the purpose of causing physical injury," within the meaning of the statute that defines kidnapping, although we were not called upon to consider a jury instruction to that effect. *See* 36 Or App at 124. Defendant's primary argument is that the "holding in *Strickland* is incorrect * * *." *Strickland* is consistent with ORS 163.235[2] and ORS 163.375[3]

---

[2] ORS 163.235 provides:

"(1) A person commits the crime of kidnapping in the first degree if the person violates ORS 163.225 with any of the following purposes:

"(a) To compel any person to pay or deliver money or property as ransom; or

"(b) To hold the victim as a shield or hostage; or

"(c) To cause physical injury to the victim; or

"(d) To terrorize the victim or another person.

"(2) Kidnapping in the first degree is a Class A felony."

[3] ORS 163.375 provides:

"(1) A person who has sexual intercourse with a female commits the crime of rape in the first degree if:

"(a) The female is subjected to forcible compulsion by the male; or

"(b) The female is under 12 years of age; or

"(c) The female is under 16 years of age and is the male's sister, of the whole or half blood, his daughter or his wife's daughter.

"(2) Rape in the first degree is a Class A felony."

and with prior cases, *see* 36 Or App at 124 n 4, and we adhere to it.

■ Defendant next argues that "[t]he instruction constituted a judicial comment on the evidence * * *." ORCP 59E, which applies to criminal cases, *see* ORS 136.330(1), provides that "[t]he judge shall not instruct with respect to *matters of fact,* nor comment thereon." (Emphasis supplied.) However, in the disputed instruction, the trial court did not instruct the jury on any matter of fact or on the probative value of the evidence. *See R.J. Frank Realty, Inc. v. Heuvel,* 284 Or 301, 309-10, 586 P2d 1123 (1978). The court instructed on a substantive legal principle.

■ Further, defendant asserts that the trial court gave an instruction on an inference or presumption, which may be impermissible "when used against a defendant with reference to an element of the crime * * *." *State v. Rainey,* 298 Or 459, 466, 693 P2d 635 (1985).[4] The disputed instruction was neither an inference nor a presumption within the meaning of *Rainey.* There, the defendant was charged with knowingly delivering a controlled substance in violation of ORS 475.992. The court gave this instruction:

> "Proof of unlawful delivery of a controlled substance is prima facie evidence of knowledge of its character.

> "The term prima facie evidence means evidence good and sufficient on its face, such evidence as in the judgment of the law is sufficient to establish a given fact and which if not rebutted or contradicted will remain sufficient." 298 Or at 462.

The defendant admitted the delivery; his only defense was that he did not know that the delivered boxes contained a controlled substance. Under those circumstances, the court concluded:

> "We find it probable that a rational juror would have interpreted this instruction to mandate a finding of knowledge, unless this fact was rebutted by defendant, from the admitted fact of delivery of a controlled substance. The instruction stated a rebuttable presumption against the accused. Thus,

---

[4] The Oregon Evidence Code was not in effect when *Rainey* was tried, *see* 298 Or at 462, but the court's discussion of inferences and presumptions is consistent with the code. *See* OEC 309.

the burden of persuasion on a fact necessary to constitute the crime charged, which was an element of the offense, was placed on the criminal defendant. We hold that this allocation was an unlawful denial of the right of defendant to be convicted only upon proof of guilt beyond a reasonable doubt. ORS 136.415. This was error and was prejudicial." 298 Or at 468.

An inference, then, involves the jury's finding of Fact A (delivery of a substance), which leads it to find a different Fact B (knowledge of what the substance is). Similarly, a presumption involves the jury's finding of Fact B on the basis that it found Fact A. In contrast, here, the jury was called upon to decide a single fact: whether defendant had the purpose of causing physical injury to the victim. It was simply told that one legally sufficient means to prove that fact was to prove the purpose of forcible rape. It is as if, in *Rainey,* the instruction had simply told the jury that one legally sufficient means to prove delivery of a controlled substance is to prove an attempted delivery of it. *See* ORS 475.005(8); ORS 475.992(1).

■ Finally, defendant argues that the instruction "tended to shift the burden of proof to the defendant on the element of intent in the kidnapping statute." The burden of proof did not shift for the reason given in *State v. Rainey, supra,* because the challenged instruction did not set forth an inference or a presumption. Neither did the instructions otherwise shift the burden of proof to defendant; the instructions as a whole correctly maintained the state's burden of proof on every element of each crime charged. *See State v. Stilling,* 285 Or 293, 300-01, 590 P2d 1223, *cert den* 444 US 880 (1979). The challenged instruction, taken in context, told the jury that if, but only if, the state proved beyond a reasonable doubt that defendant had the purpose of forcibly raping the victim, then that proof establishes the element of purpose to cause physical injury.[5]

---

[5] The dissent asserts that the instruction "told the jury that, if it found the defendant guilty of rape in the first degree, it was also to find the defendant guilty of kidnapping in the first degree * * *." 98 Or App at 710. The instruction did not do that. The jury was free to find, under the instructions, that defendant raped the victim but that he had not taken her from one place to another with that purpose in mind. All of the instructions on kidnapping, including the challenged one, focused on defendant's *purpose at the time* that he moved the victim from one place to another, rather than on what he *did after* he had moved her.

■ The court did no more than to place the kidnapping and rape charges in context and to explain correctly that the purpose of committing forcible rape can suffice to permit a conviction on a charge of kidnapping in the first degree, as well as on the rape charge itself. The challenged instruction stated a substantive rule of law, which was necessary for the jury's information in the circumstances. *See* ORCP 59B; ORS 136.330(1). Without that instruction, the jury might reasonably have believed that the purpose of forcibly raping the victim could not be considered to fulfill an element of the kidnapping charge.

Affirmed.

**EDMONDS, J.,** dissenting.

The vice in the instruction is, that in effect, it told the jury that, if it found defendant guilty of rape in the first degree, it was also to find defendant guilty of kidnapping in the first degree, if he took the victim from one place to another with the intent to interfere substantially with her liberty. Defendant may have taken the victim from one place to another to cause physical injury or for some other reason. Whatever the reason, defendant's purpose was for the jury to decide.

The facts in this case illustrate the problem with instructing the jury that an element of kidnapping in the first degree is fulfilled by proving an element of rape in the first degree. Defendant told the arresting officer that his sexual relations with the victim were consensual. He denied that he had kidnapped her. According to the victim, the kidnapping and rape occurred after defendant asked her to drive him home. Enroute, defendant told her to pull over. She stated that he then grabbed her, choked and hit her and demanded her jewelry. He then took her car keys, moved into the driver's seat and parked in a parking lot, where he smoked cocaine and later raped her. Afterward, he returned her car keys and allowed her to drive. Whether defendant took her to the parking lot for the purpose of causing physical injury was an issue of fact.

*State v. Rainey,* 298 Or 459, 465-66, 693 P2d 635 (1985), teaches us that a trial court may not direct the jury to find a fact that is an element of a charged crime even in the

absence of rebutting evidence. *See also* OEC 309(1). The trial court's instruction violated that principle. For this reason, I dissent.