Argued and submitted January 3, affirmed June 19, 1991

In the Matter of
Erica Greenwood, a Child.

## STATE ex rel JUVENILE DEPARTMENT OF MULTNOMAH COUNTY, *Respondent,*

*v.*

Erica GREENWOOD,
*Appellant.*

(62259C; CA A64705)

813 P2d 58

Martin W. Reeves, Portland, argued the cause for appellant. With him on the brief was Reeves & Kahn, Portland.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Child (defendant) appeals an order of the juvenile court that found her to be within the court's jurisdiction because she had committed acts that, if committed by an adult, would constitute two counts of second-degree robbery and assault on a public safety officer. We review *de novo,* ORS 419.561(4), and affirm.

Defendant and her sister, Talia, approached two girls, Barnett and Haas, on the street. Talia came up behind Barnett and told her that she wanted her leather jacket. Talia punched and kicked Barnett in trying to remove it. Barnett testified that Talia pushed her to the ground and that both Talia and defendant kicked her. Haas testified that, when she intervened, Talia attacked her and tried to take her purse, hitting her face and body. Talia called, "Come on, girls," and defendant and an unknown girl joined her in the struggle for Haas's purse. Haas jerked free, but someone tripped or pushed her, and she fell. Talia grabbed her purse and tossed it to the unknown girl, who made off with it.

An adult testified that he heard Haas's cries for help and saw three girls kicking and pulling on her. One girl ran off with the purse while defendant and Talia continued to punch and kick Haas. He pulled the girls back from Haas and held them until the police arrived. Defendant testified that she had watched the altercations from half a block away and had not been involved.

Officer Whisler arrived. She testified that defendant and Talia threatened to hit her if she touched them and that defendant then hit her over the head with a closed umbrella. Whisler tried to detain Talia, and Talia slapped her and pulled her hair while defendant was also hitting her.

Defendant assigns error to the court's determination that she was within its jurisdiction, because the state did not prove that she had acted either as a principal or as an accomplice in either count of robbery. She asserts that there was no evidence of the requisite mental state and no evidence that she was acting in concert or collusion with intent to commit robbery.

Although our review is *de novo,* we give weight to the

court's credibility findings. *State ex rel Juv. Dept. v. Jones,* 290 Or 799, 810, 626 P2d 882 (1981). The court found credible the testimony that implicated defendant in the robbery of Haas and Barnett and implicitly found defendant's denial of involvement not credible. The court correctly found defendant guilty of acts, either as a principal or as an accomplice, that, if she were an adult, would constitute two counts of second-degree robbery.[1]

The statutes make a principal and an accomplice each responsible for the other's criminal conduct. The evidence showed that defendant aided Talia's intentional efforts to deprive the other girls of the jacket and the purse. It also established that Talia used physical force on the victims to overcome their resistance to the taking of their property. Therefore, under the accomplice statute, the state had only to

---

[1] ORS 164.405 provides, in part:

"(1) A person commits the crime of robbery in the second degree if the person violates ORS 164.395 and the person:

"* * * * *

"(b) Is aided by another person actually present."

ORS 164.395(1) provides:

"A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft the person uses or threatens the immediate use of physical force upon another person with the *intent* of:

"(a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or

"(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of theft." (Emphasis supplied.)

ORS 164.015 defines theft:

"A person commits theft when, with intent to deprive another person of property or to appropriate property to the person or to a third person, the person:

"(1) Takes, appropriates, obtains or withholds such property from an owner thereof * * *."

ORS 161.155 is the accomplice statute:

"A person is criminally liable for the conduct of another person constituting a crime if:

"(1) The person is made criminally liable by the statute defining the crime; or

"(2) With the intent to promote or facilitate the commission of the crime the person:

"(a) Solicits or commands such other persons to commit the crime; or

"(b) Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime * * *."

show that defendant had the intent to promote or facilitate her sister's commission of robbery in order to complete its proof of the elements of second-degree robbery.

■ With respect to the robbery of Barnett, defendant testified that she knew that Talia had approached Barnett in order to "inquire" about her jacket. Barnett testified that defendant joined Talia in kicking her. Defendant's use of force against Barnett shows that she intended to facilitate Talia's attempt to deprive Barnett of her jacket. The state proved the requisite intent to sustain a charge of second-degree robbery against her. The evidence also shows that defendant committed acts that, if she were an adult, would constitute second-degree robbery with respect to Haas. Talia attempted to, and did, intentionally deprive Haas of her purse. Defendant moved toward her when Talia called, "Come on, girls," and hit and kicked Haas. Her use of physical force shows her intent to aid in Talia's commission of robbery.

■ Accordingly, the court did not err in determining that defendant was within its jurisdiction. Defendant also assigns error as a matter of law to the court's determination that she is guilty of acts that, if she were an adult, would constitute assault on a public safety officer. She argues that Whisler did not suffer "physical injury" within the meaning of ORS 163.208:

"A person commits the crime of assaulting a public safety officer if the person intentionally or knowingly causes physical injury to another person, knowing the other person to be a peace officer, * * * and while such other person is acting in the course of official duty."

ORS 161.015(6) defines "physical injury" as impairment of physical condition or substantial pain.

We conclude that the officer suffered substantial pain. Her testimony indicates that she experienced a "headache or pain" that "lasted probably — it lasted an hour or so. I could feel [I'd] been struck." That constitutes substantial pain. The court did not err in finding that it had jurisdiction over defendant for what would be assault on a police officer if she were an adult.

Affirmed.