Argued and submitted May 4, 1992, affirmed December 8, 1993, reconsideration denied March 9, petition for review pending 1994

# STATE OF OREGON,
*Respondent,*

*v.*

# GARY KENNETH HERZOG,
*Appellant.*

(C890691CR, C890738CR, C890739CR;
CA A66029 (Control), A66030, A66031)
(Cases Consolidated)

864 P2d 1362

Keith L. Walker argued the cause for appellant. On the brief was David E. Groom.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Defendant appeals three separate convictions of kidnapping in the first degree, ORS 163.235, three of rape in the first degree, ORS 163.375, four of sodomy in the first degree, ORS 163.405, and one of sexual abuse in the first degree, ORS 163.427. The charges involved three separate victims, Norris, Abbott and Crump, and were made in three separate indictments that were consolidated for trial. He makes four assignments of error. The first two relate to admission of evidence about deoxyribonucleic acid (DNA) tests. The third assignment challenges the admission of other crimes evidence, and the last contends that the court improperly instructed the jury. We affirm.

In each of the three cases the victim was abducted from the street during the evening, two were abducted from Vancouver, Washington, and one from Hillsboro. Each victim was forced into a pickup truck and taken to a rural area near Hillsboro where the sexual assaults took place. Each was asked to remove her shoes before the assault and was given a white towel to clean up after the rape. The victims were driven back to the area from which they had been abducted and were released.

At trial, all three victims identified defendant as their assailant and his pickup as the vehicle involved. In two of the cases, defendant denied that he was the assailant. In the other, he contended that the victim consented to the sexual activity.

■     To establish defendant's identity in the two cases where he denied involvement and to negate consent in the other,[1] the state presented evidence of sexual assaults against a fourth victim, Taylor, for which defendant had already been convicted. The admission of that evidence, over defendant's objection, is the subject of the third assignment of error, which we first address.

In the earlier trial involving Taylor, the state presented evidence of the three assaults involved in this case to

---

[1] Defendant does not separately argue that the evidence was irrelevant to show lack of consent. He only contends that it was irrelevant to show identity. We address only the latter contention.

show the identity of defendant as Taylor's assailant. Defendant appealed that conviction and raised, as one assignment of error, the admission of that "other crimes" evidence. We affirmed the conviction. *State v. Herzog*, 108 Or App 779, 815 P2d 1295 (1991), *rev den* 313 Or 75 (1992). In this case, which was tried before our decision in *State v. Herzog, supra*, the parties agreed that the trial court could determine defendant's pretrial motion challenging admission of the "other crimes" evidence on the basis of the record in the case involving Taylor. The trial court in this case made extensive findings about the factors enunciated in *State v. Johns*, 301 Or 535, 725 P2d 312 (1986). Those findings are supported by the evidence in the record. There is little distinction between the cases in the character of the evidence presented involving defendant's identity or the arguments he made challenging admission of the evidence. We affirmed admission of the evidence in the prior case and defendant has presented no reason to rule otherwise in this case. The court did not err.

■ In the fourth assignment, defendant contends that the court erred by instructing the jury that,

"[u]nder Oregon law, one who has the purpose of committing forcible rape has the purpose of causing physical injury."

The instruction was given relating to the charges of first degree kidnapping. If the kidnapping is for the purpose to "cause physical injury to the victim" it becomes kidnapping in the first degree. ORS 163.235(1)(c). We upheld the identical instruction in *State v. Caldwell*, 98 Or App 708, 780 P2d 789 (1989); *see also State v. Strickland*, 36 Or App 119, 584 P2d 310 (1978). The instruction was proper.

The state had a DNA typing of a sample of defendant's blood compared with the DNA from semen on the undergarments of Norris and Taylor. Before trial, defendant moved to exclude evidence of the DNA tests because, he argued, DNA testing does not meet the admissibility standards enunciated in *State v. Brown*, 297 Or 404, 687 P2d 751 (1984). The trial court denied the motion and defendant assigns error to that denial. He argues, generally, that DNA testing is still controversial among scientists in the field and, consequently, it has not gained the scientific acceptance necessary to make it admissible in court. He also argues that a

lay jury could not possibly understand the complexities involved in DNA testing.

During a four-day pretrial hearing on defendant's motion, the theory behind the procedure involved in DNA testing was described for the trial court in great detail. After the motion was denied, the procedure was described in considerably less, but sufficient, detail for the jury. The FBI scientist who performed the DNA tests for the state explained the procedure to the jury and testified that defendant's DNA matched the DNA in the semen found on the undergarments of Norris and Taylor and that the chance that this match was random was 1 in 89 for the Norris test and 1 in 250 for the Taylor test.

■ The testing and analysis procedure used in this case was the RFLP method. We described this method in detail in *State v. Futch*, 123 Or App 176, 860 P2d 264 (1993), and held that, under the factors discussed in *Brown*, the evidence resulting from the DNA tests there was admissible. The findings and analysis by the trial court in this case and in *Futch* are similar. We hold that, for the reasons expressed in *Futch*, the test results here are admissible. Defendant also appears to contend that the presentation of the evidence was confusing and would tend to mislead the jury. We have reviewed the presentation of the evidence and conclude that it is no more confusing or complex than many other types of evidence or law that juries are required to absorb and evaluate. The court did not err in denying defendant's motion to exclude the DNA evidence.

Affirmed.