Argued and submitted May 31, reversed and remanded in part; otherwise affirmed
July 5, 2001

## STATE OF OREGON,
*Respondent,*

*v.*

## J. W. POOLE,
*Appellant.*

## 9906-45692; A107862

28 P3d 643

Kimi Nam, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Peter Dassow, Certified Law Clerk, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Janet A. Klapstein, Assistant Attorney General.

Before Landau, Presiding Judge, and Brewer, Judge, and Ceniceros, Senior Judge.

BREWER, J.

## BREWER, J.

Defendant appeals from his convictions after a jury trial for assaulting a public safety officer, ORS 163.208(1),[1] and assault in the fourth degree, ORS 163.160(1).[2] We reject defendant's assignments of error asserting that the trial court erred in denying his motions for judgment of acquittal on those charges on the ground that there was insufficient evidence that the victim suffered physical injury. However, we agree with defendant that the trial court impermissibly commented on the evidence pertaining to those charges by instructing the jury that pain lasting for an hour constitutes substantial pain and, thus, amounts to physical injury. We reverse the assault convictions and remand for a new trial.[3]

We state any disputed facts in the light most favorable to the state. *State v. Blanchard*, 165 Or App 127, 128, 995 P2d 1200 (2000). In the early morning hours of June 12, 1999, Officer Holthausen responded to a report that a fight was in progress. When Holthausen arrived, defendant told him that he had been attacked without provocation by two assailants. Defendant was visibly intoxicated, and many of his remarks were incoherent and unresponsive to the officer's questions. Holthausen decided to take defendant to a detoxification center in order to protect defendant from harm.

Defendant became angry and, during the drive to the center, told Holthausen that if he ever saw Holthausen in the neighborhood, defendant would shoot him. Defendant also said that he wanted to see Holthusen "burn in hell." At the center, Holthausen asked Officer Sharp to help him get

---

[1] ORS 163.208(1) provides, in part:

"A person commits the crime of assaulting a public safety officer if the person intentionally or knowingly causes physical injury to the other person, knowing the other person to be a peace officer * * * and while the other person is acting in the course of official duty."

[2] ORS 163.160 provides, in part:

"(1) A person commits the crime of assault in the fourth degree if the person:

"(a) Intentionally, knowingly or recklessly causes physical injury to another[.]"

[3] Defendant also was convicted of two counts of harassment. He does not appeal from those convictions.

defendant out of the vehicle. Defendant spat on Sharp. The officers then attempted to place a surgical mask over defendant's face, but the mask fell off. The officers placed a shirt over defendant's head and removed him from the car. Defendant fell to the ground and started to kick with his steel-toed work boots. One of the kicks struck Holthausen on the forearm. Holthausen testified that the blow caused pain that reached "three or four" on a scale of one to ten. According to Holthausen, the pain was "sharp" for about an hour, and then, when he moved his wrist, his arm was sore and throbbed for about 24 hours. The arm did not bruise, and Holthausen was able to work the next day. He did not receive medical treatment for his arm.

■■ Defendant first argues that, because Holthausen's arm did not bruise, he received no medical treatment, and he did not miss work, there was insufficient evidence of physical injury, a necessary element to support both assault convictions. We disagree. ORS 161.015(7) defines "physical injury" as "impairment of physical condition *or* substantial pain." (Emphasis added.) Evidence satisfying either definition will support an assault conviction. *State v. Higgins*, 165 Or App 442, 448, 998 P2d 222 (2000). The term "substantial pain" refers to the degree and duration of pain suffered by the victim. To be substantial, pain must be "ample," *State ex rel Juv. Dept. v. Salmon*, 83 Or App 238, 241 n 2, 730 P2d 1285 (1986), or "considerable," *State v. Capwell*, 52 Or App 43, 46-47, 627 P2d 905 (1981). That requirement excludes pain that is fleeting or inconsequential.

■ We have never held that pain unaccompanied by bruising or pain that does not require medical attention cannot, as a matter of law, be "substantial." We *have* found previously that a headache that lasted an hour constituted substantial pain. *State ex rel Juv. Dept. v. Greenwood*, 107 Or App 678, 682, 813 P2d 58 (1991). In this case, the state's evidence, if believed, was sufficient to prove that Holthausen's pain was of substantial duration—it lasted 24 hours—and that it was of substantial degree—it was first sharp, then throbbing. Because the evidence sufficed to create a jury issue as to whether Holthausen suffered a physical injury, the trial court did not err in denying defendant's motions for judgment of acquittal.

Defendant next contends that the trial court erred in giving the jury the special instruction that "Oregon law provides that substantial pain—let me get it exactly right now—Oregon law provides that pain that lasts an hour constitutes substantial pain." The instruction was based on our decision in *Greenwood.* In that case, we reviewed *de novo* whether the acts of a youth constituted assault on a public safety officer under ORS 163.208. In *Greenwood,* the state asserted, as it does here, that the officer suffered a physical injury because she experienced substantial pain. We determined that:

> "[T]he officer suffered substantial pain. Her testimony indicates that she experienced a 'headache or pain' that 'lasted probably—it lasted an hour or so. I could feel [I'd] been struck.' *That constitutes substantial pain.* The court did not err in finding that it had jurisdiction over [the] defendant for what would be an assault on a police officer if she were an adult." *Greenwood,* 107 Or App at 682 (emphasis added).

Defendant argues that the challenged instruction was prohibited by ORCP 59 E, which provides that "[t]he judge shall not instruct with respect to matters of fact, nor comment thereon."[4] According to defendant, whether Holthausen suffered a physical injury is an issue of fact, and the court's instruction was an improper comment on the evidence. The state responds that "it is not uncommon for an instruction to define the legal consequences of certain facts." According to the state, the trial court did not instruct that the jury must find as fact that the victim suffered pain for an hour; instead, the instruction merely described the legal effect of that fact, should the jury find it to be true.

■■ "A court impermissibly comments on the evidence when it gives a jury instruction that tells the jury how specific evidence relates to a particular legal issue." *State v. Hayward,* 327 Or 397, 410-11, 963 P2d 667 (1998). The state's argument fails to appreciate that the instruction required the jury—albeit conditionally—to find *as fact* that Holthausen suffered physical injury. Even though the instruction did not require the jury to find that Holthausen suffered pain for an hour, it told the jury that, if it so found, it should infer that the victim suffered physical injury. Physical

---

[4] ORCP 59 E applies to criminal trials. ORS 136.330(1).

injury is a factual element of both assault charges in this case. ORS 163.208(1); ORS 163.160(1)(a). The jury—not the court—must decide whether each factual element of a crime has been proved beyond a reasonable doubt. *See, e.g.*, ORS 136.320 (the issues of fact that arise on a plea of not guilty "shall be decided by the jury, and all evidence thereon addressed to it"); *State v. Boots*, 315 Or 572, 592, 848 P2d 76 (1993) (holding that the "right to a trial by jury includes the right to a jury determination on every factual element essential to the crime charged"). Because the challenged instruction told the jury how Holthausen's testimony that he suffered pain for an hour related to whether he suffered physical injury, it constituted a forbidden comment on the evidence. *Hayward*, 327 Or at 410-11.

A brief discussion of one of the cases on which the state relies will suffice to illustrate the difference between an instruction that violates ORCP 59 E and an instruction that permissibly defines the *legal* consequences of certain facts. In *State v. Caldwell*, 98 Or App 708, 780 P2d 789 (1989), the trial court instructed the jury in a rape prosecution that one who has the purpose of forcibly raping another has the purpose of causing physical injury. The instruction was based on an earlier decision of this court, *State v. Strickland*, 36 Or App 119, 124, 584 P2d 310 (1978), where we held *as a matter of law* that the purpose of forcible rape is equivalent to the purpose of causing physical injury. Relying on *Strickland*, we held that the trial court did not violate ORCP 59 E, because it "instructed on a substantive legal principle." *Caldwell*, 98 Or App at 712.

Unlike the relationship between *Strickland* and *Caldwell*, *Greenwood* does not announce a legal principle that governs this case. In *Greenwood,* we determined on *de novo* review of a juvenile court adjudication that, as a matter of fact, the victim suffered substantial pain. 107 Or App at 680-82. We did not announce that, as a matter of law, pain that lasts an hour is necessarily "substantial." Our determination was a finding of fact in a nonjury proceeding.[5] Because

---

[5] In *Greenwood*, it was not necessary to determine whether, as a matter of law, pain that lasts an hour *must* constitute physical injury. Our decision stands for two less sweeping propositions: First, that pain of such duration is *sufficient* to constitute physical injury, and second, that we were persuaded by the evidence that the victim *did* suffer substantial pain.

that finding does not bind any jury in a subsequent criminal prosecution involving similar facts, the trial court erred in instructing the jury otherwise.

The state argues that any error in giving the instruction was harmless because the jury knew, from arguments and other instructions, that it was the state's burden to prove "physical injury." We disagree. The instruction focused exclusively on the *durational* dimension of the substantial pain element while ignoring the *degree* of pain suffered by the victim. Although the jury was not required to believe that Holthausen's pain was insubstantial, it *could* have made that determination based on evidence that he suffered no bruising, did not receive medical treatment, and lost no time from work. The effect of the instruction was to direct the jury to ignore that evidence if it found that Holthausen suffered any pain at all that lasted for at least an hour. Nothing in the record, including the other instructions given, suggests that the jury was not so misled. Accordingly, the error was not harmless. *See State v. Hansen*, 304 Or 169, 180, 743 P2d 157 (1987) (holding that test for harmless error in criminal cases is whether there is "little likelihood that the error affected the verdict").

Reversed and remanded for new trial on counts 1 and 2; otherwise affirmed.