No. 477 May 29, 2025 789

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRADLEY JOEL CRUPPER,
*Defendant-Appellant.*

Tillamook County Circuit Court
20CR50623; A180147

Mari Garric Trevino, Judge.

Submitted August 28, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Pagán, Judge, and O'Connor, Judge.*

PAGÁN, J.

Affirmed.

_____
  * O'Connor, Judge *vice* Mooney, Senior Judge.

**PAGÁN, J.**

Defendant appeals from a judgment of conviction for one count of assaulting a public safety officer, ORS 163.208. Defendant raises four assignments of error: (1) the trial court erred when it denied his motion for a judgment of acquittal; (2) the trial court erred when it denied his second motion to continue sentencing; (3) the trial court erred when it declined to consider defendant's "diminished capacity" in determining his sentence; and (4) the trial court erred when it sentenced defendant to 27 months' imprisonment. For the following reasons, we affirm.

Prior to defendant's motion for judgment of acquittal, the following evidence was presented to the jury. Defendant was riding a bus in Tillamook when he became belligerent with the bus driver. The bus driver told defendant he had to leave the bus, and a security officer called dispatch about the disturbance. The bus driver drove the bus, with defendant, to a nearby bus station, where defendant was greeted by two law enforcement agents. Defendant was carrying a box of wine, was visibly intoxicated, and was screaming profanities. Suspecting that defendant had been drinking in restricted areas, an officer approached defendant's belongings, which were laying on the ground nearby. As the officer approached defendant's belongings, defendant "stomped" on the officer's foot, and kicked the officer in the shin. The officer described the pain in his foot as a "four" on a scale of one to ten, lasting several hours, and the pain in his shin as a "two or three," lasting several days. Defendant was detained with a struggle, and ultimately arrested. The trial court denied defendant's MJOA, and the jury found defendant guilty.

At the first appearance for sentencing, defendant requested a setover to obtain records from the Social Security Administration to assist an expert in an evaluation for a diminished capacity presentation at sentencing. The trial court granted the motion and set the sentencing out about one month. At the next appearance, defendant again requested a setover for additional time to acquire Social Security records, but the court denied the motion the second time and proceeded to sentence defendant. During sentencing, the court repeatedly questioned defendant's argument for diminished

capacity when defendant had also claimed that the incident was accidental, and, thus, diminished capacity to form intent would not serve to mitigate his conduct.  The trial court ultimately sentenced defendant to 27 months imprisonment, which was the presumptive guidelines sentence.

In defendant's first assignment, he argues that the trial court erred when it denied his motion for a judgment of acquittal on the theory that the officer's descriptions of his pain for either the foot or shin were too mild to qualify as substantial pain under ORS 163.208.[1]

We review a trial court's decision to deny a motion for a judgment of acquittal looking at the evidence in the light most favorable to the state to determine whether any rational trier of fact, using reasonable inferences and making reasonable credibility determinations, could have found the elements necessary to convict for the crime charged beyond a reasonable doubt.  *See State v. Cervantes*, 319 Or 121, 125-26, 873 P2d 316 (1994).

To commit assault of a public safety officer, the defendant must cause the officer physical injury.  ORS 163.208(1). "'Physical injury' means impairment of physical condition or substantial pain." ORS 161.015(7). Substantial pain encompasses both "the degree and duration of pain suffered by the victim." *State v. Poole*, 175 Or App 258, 261, 28 P3d 643 (2001). Substantial pain is "considerable pain" that is "more than a fleeting sensation." *State v. Guzman*, 276 Or App 208, 212, 366 P3d 816 (2016).

Having reviewed the record, we agree with the state that *Poole* is instructive. In *Poole*, we held that similar testimony—where the victim stated that her pain reached a three or four on a scale of ten, lasting several hours or days—was sufficient to withstand an MJOA because such testimony constituted direct evidence of substantial pain. 175 Or App at 261. Here, we disagree with defendant's argument that the officer's testimony failed to couple the concepts of duration and intensity sufficient to distinguish from the similar circumstances in *Poole*, and thus affirm on his first assignment.

---

[1] ORS 163.208(1) provides that "[a] person commits the crime of assaulting a public safety officer if the person intentionally or knowingly causes physical injury to the other person, knowing the other person to be a peace officer * * *."

Turning to defendant's second assignment, he argues that the trial court abused its discretion when it denied his second motion to setover sentencing so he could acquire records from the Social Security Administration. We review a trial court's decision to deny a motion to continue for abuse of discretion. *See State v. Powell*, 322 Or App 37, 44, 518 P3d 949 (2022).

First, we disagree with defendant's contention that the trial court denied the motion because it mistakenly believed that it could not consider diminished capacity at sentencing. Rather, we understand the trial court's discussion about diminished capacity to demonstrate the court's skepticism about defendant's decision to argue that the incident was accidental during trial, but then raise at sentencing—for the first time—the possibility that the incident was intentional but that his capacity to form intent was diminished. That is, the trial court was commenting that, if defendant had been planning to rely on diminished capacity at sentencing, such evidence would likely have been developed during trial and would normally be consistent with the trial theory. As such, we reject defendant's argument that the trial court's exercise of discretion was founded on a faulty premise and that the result was legal error.

Looking then to what occurred, we agree with the state that the trial court did not abuse its discretion in denying the second setover when defendant could not identify when the documents would be available or how long the expert would need to complete the evaluation, even after having one setover to begin the process. Under such circumstances, the trial court's decision was well within the legally permissible outcomes, and we conclude that there was no abuse of discretion. *See State v. Hug*, 186 Or App 569, 572-73, 64 P3d 1173, *rev den*, 335 Or 510 (2003) (stating that a trial court must balance the rights of the defendant with the state's interest in bringing the case to an expeditious conclusion when assessing a request for a continuance to obtain new counsel).

In a combined argument, defendant asserts in his third and fourth assignments of error that the trial court mistakenly believed that it was precluded from considering

the diminished capacity as a mitigation factor and that the resulting 27-month sentence was therefore erroneous. As noted above, we disagree with defendant's assertion that the trial court erroneously refused to consider evidence in the record that "could have supported a downward departure sentence." We therefore agree with the state that the resulting sentence, which was within the presumptive guidelines range, is not reviewable.   *See* ORS 138.105(8)(a)(A) ("The appellate court has no authority to review * * * [a] sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission.").

Affirmed.