88 December 24, 2025 No. 1121

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SAMUEL EZEKIEL STONE DELAND-FLEMING,
aka Samuel Ezekiel Deland Fleming,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR59784; A184323

Kathie F. Steele, Judge.

Submitted November 13, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant was convicted of assault of a public safety officer, ORS 163.208; attempted assault of a public safety officer, ORS 163.208 and ORS 161.405; and resisting arrest, ORS 162.315. The charges arose out of an incident in which defendant punched one officer and swung at another officer. On appeal, defendant raises two assignments of error, both related to the denial of his motion for a judgment of acquittal (MJOA). First, defendant claims that the evidence was legally insufficient to prove "substantial pain" for purposes of the assault count. Second, he claims that the evidence was legally insufficient to prove that he intended to cause "substantial pain" for purposes of the attempted assault count. The two assignments are closely related, and defendant presents a combined argument, so we discuss them together. For the reasons explained below, we affirm.

"On review of the denial of an MJOA, we view the evidence in the light most favorable to the state to determine whether a rational trier of fact, making reasonable inferences, could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Soto-Martinez*, 315 Or App 79, 80, 499 P3d 108 (2021), *rev den*, 369 Or 211 (2022) (internal quotation marks omitted). As relevant here, a person commits assault of a public safety officer when a person "intentionally or knowingly causes physical injury" to another person known to be a peace officer, while the officer is performing official duties. ORS 163.208(1). A person commits attempt when a person "intentionally engages in conduct which constitutes a substantial step toward commission of the crime." ORS 161.405(1).

Defendant contends that the evidence was legally insufficient to prove the "physical injury" element. As relevant here, "physical injury" includes "substantial pain." ORS 161.015(7). "[B]oth the degree and duration of pain suffered" are relevant to whether pain was "substantial." *State v. Guzman*, 276 Or App 208, 212, 366 P3d 816 (2016) (internal quotation marks omitted). That is, to establish "substantial pain," the evidence "must meet both a degree or intensity threshold" and "a durational threshold." *State v. Colpo*, 305 Or App 690, 693, 472 P3d 277, *rev den*, 367 Or 290 (2020).

To meet the degree or intensity threshold, the pain "must be considerable or ample and cannot be inconsequential." *Id.* at 694 (internal quotation marks omitted). To satisfy the durational threshold, the pain "cannot be fleeting and must be more than momentary." *Id.* (internal quotation marks omitted). Pain that does not require medical attention can meet that standard. *State v. Poole*, 175 Or App 258, 261, 28 P3d 643 (2001) (stating same and giving example of hour-long headache).

The state argues that defendant's claims of error are unpreserved for appeal, because he did not adequately explain the basis for his MJOA to the trial court, and that they fail on the merits in any event because the evidence was legally sufficient. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal."); *State v. Reyes-Castro*, 320 Or App 220, 228, 511 P3d 1115, *rev den*, 370 Or 472 (2022) ("An MJOA must state the specific theory on which the state's proof was insufficient."). For present purposes, we assume without deciding that defendant's motion was adequate to preserve the issues presented on appeal. On the merits, we agree with the state that the evidence was legally sufficient to survive an MJOA and go to the jury.

The officer whom defendant punched testified that he was "rocked" and "stunned" when defendant punched him and that, the next morning, his jaw was sore and he could feel it when he chewed. When asked to rate his pain on a scale from zero to 10, he rated it a five on the day of the incident and a six to six-and-a-half the next day. That direct evidence of the degree and duration of the officer's pain was legally sufficient to put the "substantial pain" issue to the jury. *See Guzman*, 276 Or App at 213 ("[D]irect evidence that the victim suffered pain that is 'substantial,' as a matter of law, is sufficient to submit the question to the jury."); *see also, e.g.*, *Colpo*, 305 Or App at 694-95 (pain after being punched in the stomach, which lasted 90 seconds, and which the victim rated as seven out of 10 on the pain scale, was sufficient to go to jury on "substantial pain"); *Poole*, 175 Or App at 261 (arm pain after being kicked with a steel-toed boot, which the victim described as sharp for about an hour, followed by

soreness and throbbing when he moved his wrist for about 24 hours, was sufficient to go to jury on "substantial pain").

As for the attempted assault, defendant argues that the state failed to prove that he "intended to cause substantial pain to that officer." We disagree. There was evidence that defendant attempted to punch one officer several times and, in the process, ended up punching the other officer. That evidence allows a reasonable inference that defendant was attempting to punch the first officer in the same manner as he in fact punched the second officer. Because the evidence was legally sufficient to prove the "substantial pain" element of the completed assault, it was also sufficient for the attempted assault. *See* ORS 161.405(1) ("A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."); *State v. Kimbrough*, 364 Or 66, 73, 431 P3d 76 (2018) ("[T]o constitute a substantial step toward commission of the crime, the defendant's conduct must (1) advance the criminal purpose charged and (2) provide some verification of the existence of that purpose." (Internal quotation marks omitted.)).

Affirmed.