Argued and submitted September 24, 1999, reversed in part; otherwise affirmed
February 9, 2000

# STATE OF OREGON,
*Respondent,*

*v.*

# CARRIE HIGGINS,
*Appellant.*

# (9804-43229; CA A103318)

998 P2d 222

James T. Marquoit argued the cause and filed the brief for appellant.

Holly A. Vance, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals her conviction for assault in the fourth degree, ORS 163.160(1), and harassment, ORS 166.065(2). Defendant makes two assignments of error. The first assigns error to the trial court's denial of defendant's motions for judgment of acquittal on both the assault and harassment charges. The second assigns error to the trial court's efforts to clarify the statutory meaning of "physical injury" for the jury. Our resolution of the first assignment of error makes addressing the second assignment of error unnecessary. Because we agree with defendant that there was no physical injury to constitute an element of assault in the fourth degree, we reverse in part and affirm in part.

We review the facts in the light most favorable to the state. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994). Defendant and her husband had an argument during the day. Later, her husband left without telling defendant where he was going. Around midnight, the husband returned home and immediately went to bed. Smelling alcohol on her husband's breath, defendant began questioning him about where he had gone that evening, but he refused to say anything. Defendant became angry and began yelling at her husband. At various points she shook, scratched, and slapped him in an effort to get him to speak. Eventually, defendant pushed her husband out of bed.

The husband called 9-1-1 and requested police assistance. When Officer McGrath arrived, defendant admitted that she had "lost it" and that she had slapped her husband. McGrath noted four to six red scrape marks on the husband's neck and arm. There was no bleeding, and the scrapes did not require medical attention. The husband told McGrath that an argument had occurred and that defendant had slapped and "clawed" him. The officer then arrested defendant for assault in the fourth degree and harassment.

On appeal, defendant argues that there was insufficient evidence from which a jury could have concluded that defendant was guilty of assault in the fourth degree or of harassment. Defendant claims the trial court should have granted her motions for judgment of acquittal on both

charges. The state argues that the trial court did not err in denying defendant's motions for judgment of acquittal because the state presented sufficient evidence of "physical injury" to support the assault in the fourth degree conviction, as well as sufficient evidence of "offensive physical contact" to support the harassment conviction.

■ In determining whether there is sufficient evidence to support a conviction, "the relevant inquiry is whether, after viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Williams*, 313 Or 19, 24, 828 P2d 1006, *cert den* 506 US 858 (1992).

We address the assault charge first. ORS 163.160(1)(a) states, in part, that a person who "intentionally, knowingly or recklessly causes physical injury to another" commits the crime of assault in the fourth degree. Physical injury is defined as an "impairment of physical condition or substantial pain." ORS 161.015(7). Thus, to be guilty of assault in the fourth degree, defendant must have intentionally, knowingly or recklessly caused her husband substantial pain or impaired his physical condition. There is sufficient evidence in the record to establish the element of intent. However, because there is no evidence in the record that the husband experienced any pain, the substantial pain element is not met. Thus, the only question that remains is whether defendant's actions impaired her husband's physical condition.

■ Whether the husband suffered an impairment of his physical condition is a matter of statutory construction. Accordingly, we follow the methodology established by *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). To determine the intent of the legislature, we look first to the text and context of the statute, then, if necessary, to its legislative history and other aids to statutory construction. *Id.* Words of common usage should be given their "plain, natural and ordinary meaning." *Id.* at 611. In addition, dictionaries may be consulted to help ascertain the meaning of words within a statute. *Steele v. Employment*

*Department*, 143 Or App 105, 112, 923 P2d 1252 (1996), *aff'd* 328 Or 292, 974 P2d 207 (1999).

The legislature has defined physical injury to include "impairment of physical condition." ORS 161.015(7). However, the legislature has not defined the phrase "impairment of physical condition." The dictionary definitions of these words prove helpful. Among other things, "impairment" means "the act of impairing or the state of being impaired," *Webster's Third New Int'l Dictionary*, 1131 (unabridged ed 1993); "physical" means "of or relating to the body," *id.* at 1706; "condition" means "the physical status of the body as a whole * * * or of one of its parts." *Id.* at 473. The meaning of "impairment" is clarified by the definition of "impair," which includes "to make worse: diminish in quantity, value, excellence or strength: do harm to: damage, lessen." *Id.* at 1131. That examination yields a construction that the legislature intended the phrase "impairment of physical condition" to mean harm to the body that results in a reduction in one's ability to use the body or a bodily organ.

The legislature's intended meaning of impaired physical condition is further elucidated by examining the context of ORS 163.160. Defining the upper extreme of harm constituting physical injury is assault in the second degree, ORS 163.175, of which assault in the fourth degree is a lesser included crime.[1] *State v. Werder*, 112 Or App 179, 182, 828 P2d 474 (1992). One commits assault in the second degree if one causes "serious physical injury" to another. ORS 163.175. Serious physical injury includes "*protracted* impairment of health or *protracted* loss or impairment of the function of any bodily organ." ORS 161.015(8) (emphasis added). By comparison, assault in the fourth degree therefore requires less than a "protracted" loss or impairment to support a conviction.

■     After examining the text and context of ORS 163.160(1), we conclude that impairment of physical condition means harm to the body that results in a reduction in

---

[1] Despite numerical sequencing that may suggest otherwise, assault in the third degree, ORS 163.165, is not a lesser included crime to assault in the second degree and is not relevant to our analysis here. *See State v. Connell*, 129 Or App 144, 876 P2d 867 (1994) (third-degree assault is not a lesser included offense of second-degree assault).

one's ability to use the body or a bodily organ for less than a protracted period of time. Because, when applied to the facts before us, the meaning of ORS 163.160(1) is unambiguous after an examination of the text and context of the statute, our statutory analysis ends here. *PGE*, 317 Or at 611.

■■    Examining the facts here, there is no evidence that the husband suffered an impairment of his physical condition. Although he experienced marks on his neck and arm as the result of defendant's actions, there is no evidence of a diminished ability to use these body parts. The husband suffered no pain and required no medical attention. He was not even aware that defendant's strikes left visible marks on his skin. We therefore hold that scratches and scrapes that go unnoticed by the victim, that are not accompanied by pain and that do not result in the reduction of one's ability to use the body or a bodily organ for any period of time, do not constitute an impairment of physical condition. Therefore, a jury could not have found that the husband suffered an impairment of physical condition sufficient to satisfy that element of assault in the fourth degree.

This result is consistent with our prior opinions examining physical injury. In *State v. Capwell*, 52 Or App 43, 46, 627 P2d 905 (1981), an off-duty police officer was struck several times in the arms with a gas can and kicked at least once. However, we concluded that, since there was no bruising, swelling or other indication of injury to the victim, the victim did not suffer an impairment of physical condition. *Id.* We similarly concluded that there was no impairment of physical condition in *State v. Rice*, 48 Or App 115, 117-18, 616 P2d 538, *rev den* 289 Or 741 (1980). In *Rice*, the defendant struck the rear windshield of a vehicle with a pickaxe, causing flying glass to strike the victim. The victim did not notice that she had a "slight cut" on her cheek until her daughter commented on it some time after the incident. The victim felt no pain and received no medical attention. The cut was not noticeable after two or three days and it left no scar. While noting that a scratch or scratches may, in some circumstances, constitute a physical injury, we concluded that in that instance, the cut was so slight as to not constitute an impairment of physical condition. The nature of the injury in *Rice* is similar to the one here. The husband did not notice the

scrapes, felt no pain, did not seek medical attention and otherwise experienced no harm to the body or one of its organs. The conclusions of no impairment of physical condition are likewise similar here and in *Rice*.

In contrast to the above cases, we have concluded that physical injury exists when there is an impairment of the body or one of its organs. In *State v. Cetto*, 66 Or App 337, 340, 674 P2d 66, *rev den* 296 Or 712 (1984), we noted that a child's swollen, bloody lip and facial bruises resulting from slapping were sufficient evidence to establish physical injury. Since there was conflicting evidence whether the child felt any substantial pain, *id.*, the conviction for assault in the fourth degree apparently rested on the conclusion that these injuries constituted an impairment of physical condition. That result is consistent with our interpretation here. A swollen lip impairs the ordinary function of a body part, the mouth. Similar impairment was not established in the present case, *Capwell* or *Rice*. We have also concluded that physical injury exists as the result of the combination of pain, swelling, and bruising. *State ex rel Juv. Dept. v. Salmon*, 83 Or App 238, 241-42, 730 P2d 1285 (1986). In *Salmon*, the defendant threw a relish container, striking the victim in the face and causing redness and swelling in the eye area. *Id.* at 240. The victim said the blow hurt but did not describe the pain as lasting. However, the swelling near the eye continued for nearly two days and eventually bruised. The conclusion that the victim suffered physical injury is consistent with our interpretation of impairment of physical condition, because the swelling around the victim's eye in *Salmon* reduced her ability to use a body part, her eye, in its ordinary fashion for several days. Unlike the injuries suffered by the victims in *Cetto* and *Salmon*, there is no evidence in this case that the scratches received by the husband reduced his ability to use his body.

Because we conclude that the husband did not suffer either substantial pain or an impairment of physical condition, a rational trier of fact could not have found all the essential elements of assault in the fourth degree beyond a reasonable doubt. The trial court erred in denying defendant's motion for judgment of acquittal for assault in the fourth degree, and we accordingly reverse.

■ We turn to the harassment charge. A person who subjects another person to offensive physical contact with the intent of harassing or annoying the other person commits the crime of harassment. ORS 166.065(1)(a)(A). We have previously interpreted offensive physical contact as including "striking, slapping, shoving, kicking, grabbing and similar acts that are an interference with the 'contactee,' regardless of whether they produce any pain or discomfort." *State v. Sallinger*, 11 Or App 592, 598, 504 P2d 1383 (1972). Since the record indicates that defendant shook, slapped, and scratched her husband with the intention of making him speak to her, a rational trier of fact could have found offensive touching and an intent to harass or annoy beyond a reasonable doubt. Accordingly, we affirm the trial court's denial of defendant's motion for judgment of acquittal for harassment.

Conviction for assault in the fourth degree reversed; otherwise affirmed.