Argued and submitted June 29, reversed and remanded September 27, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## RONALD JAY MILES,
*Appellant.*

0301-30579; A122283

145 P3d 242

John L. Susac, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter Ozanne,

Executive Director, and Peter Gartlan, Legal Services Division, Chief Defender, Office of Public Defense Services.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and, Brewer, Chief Judge,* and Linder, Judge.

LINDER, J.

---

* Brewer, C. J., *vice* Richardson, S. J.

## LINDER, J.

The dispositive issue in this appeal is whether the admission of certain hearsay statements at defendant's criminal trial violated his confrontation rights under the Sixth Amendment to the United States Constitution.[1] The state concedes that, under *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004), and *Davis v. Washington*, 547 US ____ , 126 S Ct 2266, 165 L Ed 2d 224 (2006), admission of the hearsay statements was error. The state contends, however, that the error was harmless. As we explain below, we accept the state's concession, but we disagree that the error was harmless. We therefore reverse and remand.

In brief, the facts are these: Defendant's girlfriend called 9-1-1 to report an incident of domestic abuse; a police officer was dispatched to her home. By the time the officer arrived, defendant was gone. The girlfriend told the officer that she and defendant had been arguing, that defendant tried to hit her, and that she blocked the blow with her elbow. According to the girlfriend, defendant then pushed her down onto the floor. She tried twice to get up, and he pushed her back down each time. After the third push to the ground, defendant went upstairs, at which point the girlfriend called 9-1-1. She hung up when defendant came downstairs. Defendant allegedly threatened her again, but left without any further physical altercation. The officer later located and arrested defendant. Defendant's version of the events was that he and his girlfriend had been arguing and, in the course of the argument, each had pushed the other, and his girlfriend had ended up on the ground. Defendant denied that he swung at his girlfriend, punched her, or threw her to the ground.

Defendant was brought to trial on charges of menacing, assault in the fourth degree, and harassment. The state subpoenaed defendant's girlfriend to testify at trial but

---

[1] The Confrontation Clause of the Sixth Amendment to the United States Constitution provides:

"In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *."

she failed to appear. Because the girlfriend was unavailable, her out-of-court statements about the incident and defendant's conduct were offered through the testimony of the officer who responded to the incident. The trial court admitted the statements over defendant's objection on several grounds, including an objection that admission of the statements violated his federal confrontation rights. After the state rested its case, the trial court granted defendant's motion for judgment of acquittal on the menacing charge. The trial court submitted the two remaining charges to the jury. The jury acquitted defendant of assault in the fourth degree but convicted him of harassment. Defendant appeals, renewing his federal confrontation challenge to the admissibility of the girlfriend's statements.[2]

We begin with a brief discussion of the holdings in *Crawford* and *Davis*. In *Crawford*, the defendant faced criminal charges arising out of a fight with another man. To rebut the defendant's self-defense claim, the state introduced a tape-recorded statement that the defendant's wife had made to police describing the fight. The defendant's wife was not available to testify at trial. *Crawford*, 541 US at 40. The Supreme Court held that admission of the wife's statement violated the federal Confrontation Clause because the defendant had no opportunity to cross-examine the wife, either at trial or before trial. *Id.* at 68. In so holding, the Court overruled *Ohio v. Roberts*, 448 US 56, 66, 100 S Ct 2531, 65 L Ed 2d 597 (1980), which permitted the admission of an unavailable witness's statement against a criminal defendant if the statement bore "adequate indicia of reliability." (Internal quotation marks omitted.) Instead, the Court announced that, "[w]here testimonial evidence is at issue, * * * the Sixth

_____

[2] Defendant also renews his argument that the statements violated his state right to confrontation under Article I, section 11, of the Oregon Constitution. In most circumstances, we address state constitutional claims before federal constitutional claims. *State v. Nielsen*, 316 Or 611, 618, 853 P2d 256 (1993). Here, however, defendant's federal constitutional challenge began with more footing in precedent, in light of the holding in *Crawford*. Now, in light of *Davis*, that footing has become firm enough as to be conceded by the state. Because we agree with the state's concession, no point would be served by analyzing the state constitutional issue, unless the federal error is harmless. For reasons we address next, the error is not harmless, which renders the federal issue fully dispositive.

Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Crawford,* 541 US at 68.

Many questions remained after *Crawford* as to what kind of statements qualify as "testimonial." For purposes of this case, however, those questions were settled in *Davis.* In *Davis,* the Court distinguished statements made to police when police are investigating an "on-going emergency," which occurs when a 9-1-1 operator seeks information to determine what is happening, who is present, and what situation police will encounter when they respond. Because such circumstances objectively indicate "that the primary purpose of interrogation is to enable police assistance to meet an ongoing emergency," any official questioning and resulting answers are nontestimonial for purposes of the confrontation analysis. 126 S Ct at 2268-69. In contrast, statements made to police are "testimonial" when "there is no such ongoing emergency, and "the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Id.* at 2269.

As the state correctly concedes, the hearsay statements made by defendant's girlfriend fall squarely within what *Davis* now tells us is "testimonial" for Sixth Amendment purposes. By the time the officer arrived at the girlfriend's home, defendant was gone. The emergency had dissipated, and the girlfriend was under no threat of immediate harm. From those objective circumstances, the primary purpose of the officer's investigation was to establish or prove past events that might be relevant to a later prosecution. The statements by the girlfriend, in response to that investigation, therefore are testimonial. Because the girlfriend was unavailable to testify at trial, and because defendant had no prior opportunity to cross-examine her, admission of the statements violated defendant's Sixth Amendment confrontation rights.

■■ The remaining question is whether that constitutional error was harmless, which we analyze under the federal test. *Chapman v. California,* 386 US 18, 23, 87 S Ct 824, 17 L Ed 2d 705 (1967). A federal constitutional error is harmless "if the reviewing court may confidently say, on the whole

record, that the constitutional error was harmless beyond a reasonable doubt." *State v. Cook*, 340 Or 530, 544, 135 P3d 260 (2006) (citing *Delaware v. Van Arsdall*, 475 US 673, 681, 106 S Ct 1431, 89 L Ed 2d 674 (1986)). In making that determination, we consider, among other factors, the strength of the state's case without the inadmissible statements and the cumulative nature, if any, of those statements. *Cook*, 340 Or at 544.

In arguing that the statements were harmless beyond a reasonable doubt, the state emphasizes that the jury convicted defendant only of harassment; it acquitted him of fourth-degree assault. Harassment, the state points out, is committed when a person intentionally subjects another to "offensive physical contact." *See* ORS 166.065(1)(a)(A). That is in contrast to an assault charge, which requires "physical injury." *See* ORS 163.160. The state urges that the evidence supplied by the girlfriend's hearsay statements—that defendant swung a blow at her, which she blocked with her arm, and that he pushed her down on the ground three times—were the contacts that caused the girlfriend pain and possible bruising, and thus were critical to the state's case on the assault charge. On the other hand, according to the state, it did not need those statements to prove harassment. Rather, defendant's own statements—*i.e.*, that he pushed the girlfriend and that she did end up on the ground during their argument—provided evidence from which a reasonable jury could find that defendant intentionally subjected his girlfriend to an "offensive physical contact" for purposes of the charge of harassment. *See State v. Higgins*, 165 Or App 442, 449, 998 P2d 222 (2000) (offensive physical contact includes striking, slapping, shoving, kicking, grabbing, and similar acts).

That argument, however, has more to do with the legal sufficiency of the evidence than with the harmlessness of the error. *See State v. Metcalfe*, 172 Or App 501, 503, 19 P3d 374 (2001) (in testing the sufficiency of the evidence in a criminal case, we view the evidence in the light most favorable to the state to determine whether any rational trier of fact could have found, beyond a reasonable doubt, the essential elements of the offense). In deciding if admission of the statements was error, we must assess, given how the case

was tried, the effect of that evidence on the prosecution's case.

■     A review of the record demonstrates that the state not only relied heavily on the girlfriend's statements to prove harassment at trial, it relied almost exclusively on them. In its closing argument, for example, the prosecutor repeatedly directed the jury to the girlfriend's statements and urged that her statements, and in particular her statements about being shoved to the ground three times, were proof of both the assault and the harassment. Conversely, the prosecutor did not rely on—and indeed, did not even mention—defendant's statements about the parties' shoving match. Although that evidence was before the jury, the prosecution did not urge the jury to convict defendant on the basis of that evidence. Instead, the evidence that the state emphasized was the hearsay statements that were admitted in violation of defendant's federal confrontation rights. Under those circumstances, we cannot conclude that admitting the girlfriend's statements was harmless beyond a reasonable doubt.

Reversed and remanded.