Argued and submitted January 31, reversed July 9, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAISON DOUGLAS ANDERSON,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0401258; A127650

189 P3d 28

Emily R. Schoonmaker, Deputy Public Defender, argued the cause for appellant. On the brief were Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Shawn Wiley, Deputy Public Defender, Legal Services Division, Office of Public Defense Services.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction, after a trial to the court, of one count of assault in the third degree, ORS 163.165, contending, among other arguments, that the court erred in denying his motion for a judgment of acquittal because the state failed to show that the victim suffered "physical injury" as a result of defendant's conduct. We agree with defendant that the trial court erred in denying the motion for judgment of acquittal and reverse the conviction.

As pertinent to the issue that we address on appeal, the facts are not in dispute. Defendant and Boehme have a two-year-old son, T, who was sitting in his car seat asleep in the back seat of Boehme's car while the car was stopped in the parking lot of a bar. Boehme was in the driver's seat, and defendant was outside of the car, arguing with Boehme. Defendant struck the driver's side front window, causing it to shatter. Glass scattered throughout the car. T remained asleep. A police officer came to the scene to investigate. By that time, T was awake. As the officer was checking on T, T pointed to a "very tiny" cut and a few drops of blood on his left arm and said, "Owie." He also pointed to his left foot and again said, "Owie." The officer noticed a small puncture mark and a drop of smeared blood at that spot.

As a result of the above-described incident, defendant was charged with assault in the third degree, which is established by "intentionally or knowingly caus[ing] physical injury to a child 10 years of age or younger." ORS 163.165(1)(h). ORS 161.015(7) defines "physical injury" as "impairment of physical condition or substantial pain." Defendant moved for a judgment of acquittal, contending that the state had failed to establish the element of physical injury to T. The trial court denied the motion, explaining that "it's pretty obvious that the child thought he was in substantial pain."

On appeal, defendant once again asserts that the state's evidence was insufficient to establish physical injury. We agree with defendant that, even assuming that T's pointing out his "owies" was an indication of pain, there is no evidence that the pain was of a sufficient degree or duration to

be "substantial." Nor is there any basis to infer from the description of the wounds that they caused substantial pain. *State v. Poole*, 175 Or App 258, 261, 28 P3d 643 (2001). The state does not contend on appeal that T's injuries resulted in impairment of T's physical condition. Because we conclude that the state has not shown that the victim suffered substantial pain, we hold that the state has not established the element of "physical injury." Accordingly, the trial court erred in denying defendant's motion for a judgment of acquittal.

Reversed.