Argued and submitted December 30, 2008, affirmed July 22, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## A. D. JONES,
*Defendant-Appellant.*

Josephine County Circuit Court
061515M; A136143

212 P3d 1292

Kenneth A. Kreuscher, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Rene C. Holmes, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Linda Wicks, Assistant Attorney General.

Before Sercombe, Presiding Judge, and Brewer, Chief Judge, and Deits, Senior Judge.

DEITS, S. J.

**DEITS, S. J.**

Defendant appeals a judgment of conviction for one count of fourth-degree assault. ORS 163.160(1)(a). He argues that the trial court erred in denying his motion for a judgment of acquittal. Defendant contends that there was not sufficient evidence from which a rational jury could find that he inflicted a "physical injury" on the victim as required by ORS 163.160(1)(a). Defendant also asserts that the trial court erred in denying his request to instruct the jury on the law of self-defense. We affirm.

The victim of the assault was defendant's wife. In August 2006, Josephine County Sheriff Deputy Hubbard responded to a report of domestic violence. He had been called to the victim's parents' home, where she apparently had gone after the encounter with her husband. The victim told Hubbard that she had returned to the home that she shared with defendant to retrieve some clothing for her children. She had been at her parents' home where she had been caring for her parents because they both had serious medical problems. According to the deputy's report, the victim told him that she and defendant began to argue.

The victim told Hubbard that defendant had assaulted her. She said that, when she had tried to leave her home, defendant had "grabbed her by the hair, pulled her back, and she fell backwards, striking her back on some exercise equipment." She also told the officer that defendant had "popped her" in the mouth and that she wanted to press charges.

Hubbard took pictures of the injury to the victim's back. He described her back as having a "heavy scrape, approximately an inch and a half wide, maybe four inches long." Hubbard was asked at trial whether, based on his training and experience, an injury "of that sort [would] potentially cause a person substantial pain," and he responded, "Yes sir." At trial, the victim testified that she had little recollection of the incident and did not remember feeling any pain from the injury. When she was shown the photograph of her injury that Hubbard had taken, she testified that the injury looked like a "scratch" or "bad scrape."

Defendant moved for a judgment of acquittal. The trial court denied the motion, concluding that there was evidence from which a jury could infer that the victim had suffered substantial pain. The jury found defendant guilty of assault in the fourth degree.

On appeal, defendant assigns error to the trial court's denial of his motion for a judgment of acquittal. We review the denial of a motion for a judgment of acquittal to determine whether the record contains evidence from which a rational trier of fact, drawing all reasonable inferences in the light most favorable to the state, could find that all of the elements of the charged crime were proved beyond a reasonable doubt. *State v. Simons*, 214 Or App 675, 677, 167 P3d 476 (2007), *rev den*, 344 Or 43 (2008).

The pertinent statute here, ORS 163.160(1)(a), provides that a person commits fourth-degree assault if the person "[i]ntentionally, knowingly or recklessly causes physical injury to another." ORS 161.015(7) defines "[p]hysical injury" as "impairment of physical condition or substantial pain." Evidence establishing either an impairment of a physical condition or substantial pain will support an assault conviction. *State v. Poole*, 175 Or App 258, 261, 28 P3d 643 (2001).

Defendant argues on appeal that his motion for a judgment of acquittal should have been granted because there was not sufficient evidence to allow the jury to find beyond a reasonable doubt that the victim suffered a "physical injury." It is defendant's position that there was no evidence in the record of either an "impairment of physical condition" or "substantial pain."

We first address whether there was evidence that the victim suffered an "impairment of [her] physical condition." That term has been explained to mean "harm to the body that results in a reduction in one's ability to use the body or a bodily organ for less than a protracted period of time." *State v. Higgins*, 165 Or App 442, 446-47, 998 P2d 222 (2000).

We further explained the meaning of the terms "impairment of physical condition" in our decision in *State v. Hart*, 222 Or App 285, 193 P3d 42 (2008). That case involved

facts that were similar in some respects to the circumstances here. The victim of the assault in *Hart* suffered a gash in the skin of about one-half inch. *Id.* at 287. One of the issues addressed in *Hart* was whether that injury involved an "impairment of physical condition." We concluded that it did. In reaching that conclusion, we explained that the ability to "use" one's body refers not only to the ability to put the body into action, but also to the ability of the body to function in a normal manner. *Id.* at 291. In explaining what that meant, we stated:

> "[I]n *Higgins*, we expressly stated that our conclusion in [*State v.*] *Cetto*[, 66 Or App 337, 674 P2d 66, *rev den*, 296 Or 712 (1984),] was consistent with our construction of ORS 161.015(7) because a 'swollen lip *impairs the ordinary function of a body part*, the mouth.' 165 Or App at 448 (emphasis added). Thus, our statement that 'impairment of physical condition means harm to the body that results in a reduction in one's ability to use the body or a bodily organ,' *id.* at 446-47, should be understood to include not only impairment of voluntary use of a body part, but also of the ordinary *function* of a body part."

*Hart*, 222 Or App at 291 (emphasis in *Hart*).

We went on to explain in *Hart* that one of the functions of the skin is to protect the inner body from infection. We concluded that this function would not be disrupted by minor scratches to the skin, but that a factfinder could reasonably infer that a half-inch gash to the skin could disrupt that function. *Id.* at 291-92.

Similarly, here, there is evidence from which a rational factfinder could find that this was not just a minor scrape to the skin, but was an injury that could disrupt the function of the skin. There was evidence that the wound to the victim's back was fairly significant in size. Hubbard described the wound as being about an inch and one-half wide and four inches long. In addition, Hubbard, who saw the victim a few hours after the incident, characterized the wound as a "heavy scrape." The photographs in evidence also reveal something more than a minor scrape and would support a finding that the wound was significant and was capable of disrupting the ordinary function of the skin.

We conclude that there was evidence to support a determination by the trier of fact that the injury to the victim's back was an impairment of the victim's physical condition and, consequently, a "physical injury" for purposes of the assault statute. Because we hold that there was evidence supporting the above conclusion, it is unnecessary to address whether there was evidence to support the finding that the injury caused the victim "substantial pain." The trial court did not err in denying defendant's motion for a judgment of acquittal.

Defendant also assigns error to the trial court's refusal to instruct the jury on the law of self-defense. We conclude that there was no evidence, even viewed in the light most favorable to defendant, that defendant acted in self-defense. The trial court did not err in refusing to give the instruction.

Affirmed.