Submitted July 29, conviction on Count 1 for assault in the fourth degree reversed; remanded for resentencing; otherwise affirmed October 22, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DERRICK JAMES LEWIS,
*Defendant-Appellant.*

Multnomah County Circuit Court
111235241; A152266

337 P3d 199

Peter Gartlan, Chief Defender, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Patrick M. Ebbett, Senior Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

TOOKEY, J.

**TOOKEY, J.**

Defendant appeals a judgment of conviction for felony assault in the fourth degree, ORS 163.160 (Count 1); coercion, ORS 163.275 (Count 3); and two counts of harassment, ORS 166.065 (Counts 4 and 5).[1] He seeks reversal of his conviction for assault in the fourth degree, assigning error to the trial court's denial of his motion for judgment of acquittal. We conclude that the state failed to present sufficient evidence that the victim in this case suffered "physical injury," as required by ORS 163.160(1)(a).[2] Accordingly, we reverse as to Count 1, remand for resentencing, and otherwise affirm.

In reviewing the denial of a motion for judgment of acquittal based on the sufficiency of the evidence, we "view the evidence in the light most favorable to the state to determine whether a rational trier of fact, making reasonable inferences, could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998). We state the relevant facts consistently with that standard.

The victim in this case was defendant's wife. Defendant's 14-year-old son, T, did not live with defendant and the victim, but would stay with them on a regular basis. One night, while T was staying with them, T went to his bedroom and was "settling into bed" when he heard defendant "screaming at [the victim] about something." A "couple of times," he heard the victim yell, "Ouch. Stop it." He also heard "sounds like something hitting the wall." Based on those sounds, T thought that the victim "was getting hurt somehow."

The next morning, while defendant was at work, T was home alone with the victim. T thought that the victim "appeared kind of beaten down, kind of depressed." When he asked her about what he had heard the previous night, the

---

[1] Defendant was acquitted on Count 2, a second count of felony assault in the fourth degree.

[2] ORS 163.160(1)(a) provides, in part, that "[a] person commits the crime of assault in the fourth degree if the person *** [i]ntentionally, knowingly or recklessly causes physical injury to another[.]" "Physical injury" is, in turn, defined as "impairment of physical condition or substantial pain." ORS 161.015(7).

victim told him that defendant was pulling out her hair, and she pointed at some clumps of hair on the floor.

A few days later, the victim had a seizure, and paramedics were called to the house. While examining the victim, paramedics discovered multiple injuries. After speaking with T about what he had observed over the previous few days, the paramedics alerted the police, and the police later arrested defendant. Defendant was subsequently charged with two counts of assault in the fourth degree, one count of coercion, and two counts of harassment.

At trial, after the state presented its case, defendant moved for a judgment of acquittal on the charges of fourth-degree assault, arguing that the state had failed to present evidence of physical injury. In response, the state argued that a jury could view "hair getting ripped out of your head" as a physical impairment or substantial pain, especially given that there was also evidence that the victim said, "Ouch" and "Stop it." The court agreed with the state and denied defendant's motion. Defendant was subsequently acquitted of one count of assault in the fourth degree; as noted, he was convicted of one count each of assault in the fourth degree and coercion, and both counts of harassment.

On appeal, defendant argues that the trial court erred in denying his motion for judgment of acquittal on the charge of assault in the fourth degree (Count 1), because the state failed to present sufficient evidence of "physical injury." As noted, ORS 163.160(1)(a) provides that, "[a] person commits the crime of assault in the fourth degree if the person *** [i]ntentionally, knowingly or recklessly causes physical injury to another." "Physical injury" is, in turn, defined as "impairment of physical condition or substantial pain." ORS 161.015(7). Defendant contends that the state failed to present sufficient evidence for a rational trier of fact to have found, beyond a reasonable doubt, that the victim suffered either "impairment of physical condition" or "substantial pain" from having her hair pulled out. We address each contention in turn.

The phrase "impairment of physical condition," as used in ORS 161.015(7), means "harm to the body that results in a reduction in one's ability to use the body or a

bodily organ for less than a protracted period of time." *State v. Higgins*, 165 Or App 442, 446-47, 998 P2d 222 (2000). That definition "should be understood to include not only impairment of voluntary use of a body part, but also of the ordinary function of a body part." *State v. Glazier*, 253 Or App 109, 113, 288 P3d 1007 (2012), *rev den*, 353 Or 280 (2013).

Examples of injuries that can reasonably be considered impairments of a victim's physical condition include a half-inch gash in the back of the head, because it disrupted the skin's function of protecting the inner body from infection, *State v. Hart*, 222 Or App 285, 290-92, 193 P3d 42 (2008); a "heavy scrape" on the back, approximately one and one-half inches wide and four inches long, *State v. Jones*, 229 Or App 734, 738-39, 212 P3d 1292, *rev den*, 347 Or 446 (2009); and injuries to the ribs and legs that made it more difficult for the victim to engage in normal activities such as walking up and down stairs and lifting small objects, *Glazier*, 253 Or App at 112-13.

In contrast, injuries that are not considered impairments of a victim's physical condition include a "slight" scratch on the cheek that the victim did not notice, was not painful, and was not noticeable after two to three days, *State v. Rice*, 48 Or App 115, 118, 616 P2d 538, *rev den*, 289 Or 741 (1980); scratches and scrapes on the neck and arm that went unnoticed by the victim, were not painful, and did not result in the reduction of the victim's ability to use the body or a bodily organ for any period of time, *Higgins*, 165 Or App at 447; and a bruise on a 16-month-old child's buttock that did not seem painful and did not diminish the child's bodily movement or ability to engage in everyday activities, *State v. Wright*, 253 Or App 401, 405-06, 290 P3d 824 (2012).

In this case, defendant argues that the victim's injury is more similar to the "slight" scratches in *Higgins* and *Rice*, and unlike the half-inch gash in *Hart*, because missing hair does not ordinarily disrupt the functioning of the skin. In response, the state does not contend that the victim's injury impaired the function of her skin; instead, the state counters that a reasonable juror could infer that the victim's loss of hair interfered to some degree with the

ordinary function of her *hair*, which, according to the state, includes protection, the regulation of body temperature, and the facilitation of evaporation of perspiration.

We agree with defendant that, under the circumstances of this case, the state has not presented sufficient evidence for a rational trier of fact to find, beyond a reasonable doubt, that the victim suffered an "impairment of physical condition" as a result of having hair pulled out of her head. There is no evidence in the record before us, for example, that defendant's act of pulling hair out of the victim's head caused any broken skin or bleeding similar to the injuries in *Hart* and *Jones*. Nor was there evidence that the missing hair somehow interfered with the victim's ability to engage in everyday activities, as did the injuries to the victim's ribs and legs in *Glazier*. There is no evidence that enough hair was removed that it impaired the physical condition of the victim's skin—that is, that it left her scalp exposed or, as the state suggests, that it otherwise interfered with the protection of her skin or head, the regulation of her body temperature, or the facilitation of evaporation of perspiration. Indeed, the state did not present any evidence of how much hair was pulled out—except that it was described as "clumps" of hair—nor did the state present evidence that the missing hair was noticeable to anyone, including the victim.

Next, we turn to the issue of whether a rational trier of fact could have found, beyond a reasonable doubt, that the victim suffered "substantial pain" as a result of having hair pulled out of her head. The phrase "substantial pain" refers to the "degree and duration of pain suffered by the victim." *State v. Poole*, 175 Or App 258, 261, 28 P3d 643 (2001). To be substantial, pain must be "'ample,'" *id.* (quoting *State ex rel Juv. Dept. v. Salmon*, 83 Or App 238, 241 n 2, 730 P2d 1285 (1986)), or "'considerable,'" *id.* (quoting *State v. Capwell*, 52 Or App 43, 46-47, 627 P2d 905 (1981)). Pain that is "fleeting or inconsequential" does not qualify as substantial pain. *Id.*

In *Poole*, the defendant, wearing steel-toed work boots, kicked a police officer on the forearm. 175 Or App at 261. The officer testified that the kick had caused "sharp" pain for about an hour, and then his arm was "sore" and

throbbed for about 24 hours. *Id.* Although the kick did not cause any bruising and the officer did not miss work or seek medical attention for his arm, we determined that the evidence was sufficient to create a jury issue as to whether the officer had suffered a physical injury, as defined by ORS 161.015(7). *Id.* We reasoned that "the state's evidence, if believed, was sufficient to prove that [the officer's] pain was of substantial duration—it lasted 24 hours—and that it was of substantial degree—it was first sharp, then throbbing." *Id.*

*State ex rel Juv. Dept. v. Greenwood*, 107 Or App 678, 813 P2d 58 (1991), further illustrates our understanding of the term "substantial pain." In *Greenwood*, the defendant hit a police officer over the head with a closed umbrella, and then hit the officer while the defendant's sister slapped the officer and pulled her hair. *Id.* at 680. We concluded that the officer had suffered substantial pain, based on the officer's testimony that she had experienced a "headache or pain" that lasted "an hour or so" after she was struck by the defendant. *Id.* at 682.

In contrast, we concluded in *Capwell*, 52 Or App at 46-47, that there was insufficient evidence to allow the jury to find, beyond a reasonable doubt, that the officer had suffered "substantial pain" to support a conviction of assault in the fourth degree. In *Capwell*, the defendant kicked an off-duty police officer in the arm, knocking a nightstick out of his hand, and swung a gas can "a couple of times" at the officer, which the officer blocked with his arm. *Id.* at 45-46. The officer testified that the kick "hurt" and the blows from the gas can "hurt" and were painful, but there was no evidence of bruising or other injury, and the officer did not seek medical treatment or miss any work. *Id.* at 46. We concluded that the evidence was insufficient to support a finding of substantial pain, noting that the officer "testified that he had pain and that it hurt when the defendant struck him," but that there was "no other evidence of the degree of the pain or that it was anything more than a fleeting sensation." *Id.* at 46-47.

Similarly, in *State v. Anderson*, 221 Or App 193, 194, 189 P3d 28 (2008), a two-year-old boy was in the back

seat of a vehicle when the defendant struck the car's window, causing it to shatter. When a police officer arrived, the boy said "Owie" and pointed to a "very tiny" cut and a few drops of blood on his arm. *Id.* He said "Owie" again and pointed to his left foot, on which there was a small puncture mark and a drop of smeared blood. *Id.* We decided that, "even assuming that [the boy's] pointing out his 'owies' was an indication of pain, there is no evidence that the pain was of a sufficient degree or duration to be 'substantial.' Nor is there any basis to infer from the description of the wounds that they caused substantial pain." *Id.* at 194-95.

Finally, in *State v. Rennells*, 253 Or App 580, 586, 291 P3d 777 (2012), *rev den*, 353 Or 410 (2013), we concluded that the evidence was not sufficient to support a finding of substantial pain where the defendant and the victim were in a "kicking match" that left the victim with bruising on her legs that lasted several days. The victim did not testify that she suffered any pain as a result of the kicks, and when the prosecutor asked her whether it hurt when the defendant had kicked her, she answered, "No, I was kicking him." *Id.* We determined that, "although the evidence—a bruise lasting several days—may be sufficient to infer that the victim suffered *some* pain as a consequence of the kicking incident, it is not sufficient to infer that she suffered *substantial* pain." *Id.* (emphasis in original).

In light of the foregoing case law, we conclude that the circumstances of this case are similar to those in *Capwell*, *Anderson*, and *Rennells*, in which the evidence was not sufficient to prove "substantial pain." The evidence of pain in the record before us is that a "couple of times" T heard the victim yell, "Ouch. Stop it," and he heard "something hitting the wall." The following day, T thought the victim "appeared kind of beaten down, kind of depressed"; the victim told T that defendant had pulled out her hair and she pointed to some clumps of hair on the floor. But the victim did not testify that she felt pain, and the state did not present evidence that the hair-pulling had caused any physical sign from which a trier of fact could infer that she suffered "substantial pain." Based on the evidence in this case, even if a trier of fact could infer that the hair-pulling caused the victim *some* pain, there is no evidence in the record that the

degree or duration of the pain was sufficient to constitute "substantial pain"—that is, "[t]here is no other evidence of the degree of the pain or that it was anything more than a fleeting sensation." *Capwell*, 52 Or App at 46-47; *see also Rennells*, 253 Or App at 586 (bruise lasting several days "may be sufficient to infer that the victim suffered *some* pain," but "it is not sufficient to infer that she suffered *substantial* pain" (emphasis in original)). Therefore, under our case law, we conclude that "there is no evidence that the pain was of a sufficient degree or duration to be 'substantial.'" *Anderson*, 221 Or App at 194-95.

In sum, we conclude that, viewing the evidence in the light most favorable to the state, a rational trier of fact, making reasonable inferences, could not find, beyond a reasonable doubt, that the victim suffered either "impairment of physical condition" or "substantial pain" from having hair pulled out of her head. ORS 161.015(7). Thus, the evidence was not sufficient to prove that the victim suffered "physical injury" for purposes of ORS 163.160(1)(a), and the trial court erred in denying defendant's motion for judgment of acquittal on Count 1, assault in the fourth degree.

Conviction on Count 1 for assault in the fourth degree reversed; remanded for resentencing; otherwise affirmed.