PER CURIAM
*783 Defendant was convicted of fourth-degree assault constituting domestic violence committed in the presence of his and the victim's minor child, ORS 163.160(1), (3) ; fourth-degree assault constituting domestic violence, ORS 163.160(1) ; recklessly endangering another person, ORS 163.195 ; and reckless driving, ORS 811.140. On appeal, he advances three assignments of error. We reject his first and third assignments without discussion, and we write only to address his second. In that assignment, he advances an unpreserved argument that the state's proof was legally insufficient with regard to Count 4 (fourth-degree assault constituting domestic violence), because there was no evidence that he caused physical injury to the victim. See ORS 163.160(1) ("A person commits the crime of assault in the fourth degree if the person: (a) Intentionally, knowingly or recklessly causes physical injury to another[.]").
Count 4 was predicated on defendant's admission to police that he had pulled the victim's hair. However, that admission was the state's only evidence on that count; there was *1197 no evidence of visible injury to the victim's scalp, nor was there any testimony that she suffered pain or hair loss as a result. The state concedes that, in light of our decision in State v. Lewis , 266 Or.App. 523, 337 P.3d 199 (2014), the record is legally insufficient to support a conviction on Count 4 and the trial court plainly erred in entering the conviction. We agree and accept the state's concession. See id. at 530, 337 P.3d 199 (holding that "a rational trier of fact, making reasonable inferences, could not find, beyond a reasonable doubt, that the victim suffered either 'impairment of physical condition' or 'substantial pain' from having hair pulled out of her head"). For reasons similar to those expressed in State v. Reynolds , 250 Or.App. 516, 522-27, 280 P.3d 1046, rev. den. , 352 Or. 666, 293 P.3d 1045 (2012), we exercise our discretion to correct the error.
Conviction on Count 4 reversed; remanded for resentencing; otherwise affirmed.