No. 86 February 11, 2026 87

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEVIN JEFFERY PLESS LEWIS,
*Defendant-Appellant.*

Marion County Circuit Court
20CR15870; A184025

Donald D. Abar, Judge. (Judgment entered March 13, 2024)

Natasha A. Zimmerman, Judge. (Judgment entered August 1, 2025)

Submitted on January 07, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant was convicted of, among other crimes, three counts of first-degree criminal mistreatment against his 12-year-old daughter K, after he was violent to her in three separate incidents. He challenges the denial of motions for judgment of acquittal based on insufficient evidence of substantial pain or impairment of physical condition. We are persuaded that there was legally sufficient evidence to support the judgments as to those three counts. Defendant also contends that the trial court erred because the judgment did not reflect that he was acquitted on two counts as to which the trial court had granted his motions for a judgment of acquittal. After defendant filed his brief, the trial court entered an amended judgment that now reflects that he was acquitted on those counts, so that issue is now moot. Accordingly, we affirm.

We briefly address our reasoning as to the three counts of criminal mistreatment at issue in this appeal. "Physical injury" means "impairment of physical condition or substantial pain." ORS 161.015(7). The term "substantial pain" refers to the "degree and duration of pain suffered by the victim." *State v. Lewis*, 266 Or App 523, 527, 337 P3d 199 (2014) (quoting *State v. Poole*, 175 Or App 258, 261, 28 P3d 643 (2001)). As for degree, the pain must be "considerable," and "not inconsequential." *State v. Guzman*, 276 Or App 208, 212, 366 P3d 816 (2016) (internal quotation marks omitted). The victim's pain must be more than "fleeting" or "momentary" to satisfy the durational component. *Id*.

Here, the evidence, viewed in the light most favorable to the state, allowed a reasonable inference that K subjectively experienced substantial pain in all three incidents. K rated her pain as either "seven" or "nine" on a scale of one to 10 in each instance, and she had pain lasting from "several hours" up to "about a day" each time. *See State v. Colpo*, 305 Or App 690, 695-96, 472 P3d 277, *rev den*, 367 Or 290 (2020) (pain from a punch to a child's stomach that the child rated a seven out of 10 for 90 seconds was sufficient); *State ex rel Juv. Dept. v. Greenwood*, 107 Or App 678, 682, 813 P2d 58 (1991) (headache for one hour was sufficient).

Alternatively, a reasonable factfinder could also find that K experienced impairment of physical condition for two of the instances. The term "impairment of physical condition means harm to the body that results in a reduction in one's ability to use the body or a bodily organ for less than a protracted period of time." *State v. Higgins*, 165 Or App 442, 446-47, 998 P2d 222 (2000). That definition "should be understood to include not only impairment of voluntary use of a body part, but also of the ordinary function of a body part." *State v. Glazier*, 253 Or App 109, 113, 288 P3d 1007 (2012), *rev den*, 353 Or 280 (2013).

Here, after defendant threw her down from the top bunk of her bed and kicked her repeatedly with steel-toed boots, there was evidence that K experienced a diminished ability to engage in everyday activities. She was unable to sleep on her side due to the pain from the bruising in those areas. The evidence that the lingering pain from defendant's kicks made it more difficult for her to engage in basic activities, like sleeping, was sufficient to support the inference that K experienced impairment for purposes of establishing physical injury. *See State v. Hendricks*, 273 Or App 1, 12 n 8, 359 P3d 294 (2015) (explaining that "the collateral physical consequences of pain," even if less than "'substantial pain,' associated with physical trauma may be probative of 'impairment of physical condition'").

A second incident in which defendant gave K a bloody nose and she briefly lost consciousness involved evidence from which a factfinder could reasonably infer that the injury—both the loss of consciousness and the bleeding—reduced K's ability to use her nose and brain in their ordinary fashion. Given the evidence that K's injury bled enough to form "a puddle" of blood on the bed, dripped throughout the house and all over her hands, and caused her to press a cloth on her nose to control the bleeding, a factfinder could reasonably infer that the injury was capable of impairing her nose's ordinary functions, such as smelling and breathing. Likewise, losing consciousness for "a second" impaired her brain's ordinary function of being conscious. A rational factfinder could also infer that the injury—given its location and the amount of blood—was capable of disrupting the

ordinary functions of the skin, which include protecting "the inner body from infection." *State v. Hart*, 222 Or App 285, 291, 193 P3d 42 (2008); *see id.* at 291-92 (concluding that it was reasonable to infer that a half-inch "gash" disrupted the function of the skin). Accordingly, sufficient evidence entitled the jury to conclude that K's injuries constituted an "impairment of physical condition" in addition to substantial pain, and thus satisfied the "physical injury" element of criminal mistreatment.

Affirmed.