No. 355 April 29, 2026 187

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN MICHAEL ANDERSON,
*Defendant-Appellant.*

Linn County Circuit Court
22CR47185; A183292

Thomas McHill, Judge.

Submitted March 4, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

POWERS, J.

Remanded for resentencing; otherwise affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction for second-degree assault (Count 1), attempted second-degree assault (Count 2), two counts of recklessly endangering another person (Counts 3 and 4), reckless driving (Count 5), and two counts of menacing (Counts 6 and 7). In his first assignment of error, defendant contends that the trial court erred by denying his motion for judgment of acquittal on Count 1, second-degree assault. Defendant specifically argues that the evidence was legally insufficient to prove the physical injury element of that crime. As explained below, we reject his first assignment of error because there is sufficient evidence of both physical impairment and substantial pain. In defendant's second assignment of error, he argues that the trial court erred when it entered a judgment requiring him to pay "per diem" fees because it did not announce that provision at sentencing. The state concedes the error, and we agree with and accept that well-founded concession. Accordingly, we remand for resentencing and otherwise affirm.

Because the parties are familiar with the factual and procedural background, we do not provide a recitation for this nonprecedential memorandum opinion. Suffice it to say that second-degree assault requires proof that the defendant caused "physical injury" to the victim. On appeal, defendant contends that the evidence was legally insufficient to prove that he caused physical injury, and the state maintains that the trial court properly denied the motion for judgment of acquittal.

In the context of second-degree assault, "physical injury" means "impairment of physical condition or substantial pain." ORS 161.015(7). Impairment of physical condition means a reduction in the ability to engage in an "ordinary function of a body part." *State v. Staniford*, 332 Or App 203, 207, 548 P3d 855, *rev den*, 372 Or 763 (2024) (explaining that an impairment of physical condition is "harm to the body that results in a reduction in one's ability to use the body or a bodily organ for less than a protracted period of time," and can include impairment of the "ordinary function of a body part" (internal citations omitted)). We have explained

that something as simple as a cut to the skin constitutes "impairment of physical condition" because it disrupts the skin's normal function and ability to protect the body from infection. *State v. Hart*, 222 Or App 285, 291-92, 193 P3d 42 (2008).

Establishing "substantial pain," as that term is used in ORS 161.015(7), requires evidence that meets a degree or intensity threshold of pain as well as a durational threshold—both of which are measured subjectively from the victim's point of view. *State v. Colpo*, 305 Or App 690, 693, 472 P3d 277, *rev den*, 367 Or 290 (2020). With respect to degree or intensity, the pain must be considerable or ample and cannot be inconsequential. *Id.* at 694. With respect to the durational threshold, the pain cannot be fleeting and must be more than momentary. *Id.*

On review of the denial of a motion for judgment of acquittal, our task is to examine the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

Here, defendant repeatedly hit a truck with his truck, at one point causing the other truck to spin. There was significant damage to both defendant's truck and the other vehicle. During those events, the vehicle's passenger's face hit the dashboard. That caused a nosebleed, neck pain, and a concussion. The concussion caused light sensitivity, an inability to focus, and headaches that lasted for more than a month. Given that context, we readily conclude that the trial court did not err because there is ample evidence of both impairment of physical condition and substantial pain.

In his second assignment of error, defendant argues that the trial court erred in ordering him to pay "per diem fees." That term appeared for the first time in the judgment. Defendant did not preserve the claim of error, but preservation is excused because he did not "have notice or an opportunity" to object. *State v. Tison*, 292 Or App 369, 372, 424

P3d 823, *rev den*, 363 Or 744 (2018); *accord State v. Cobat*, 340 Or App 643, 649, 571 P3d 1136, *rev den*, 374 Or 419 (2025) (excusing preservation under similar circumstances).

It is well settled that a criminal defendant has the right to have his, her, or their sentence announced in open court. *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023). Accordingly, it was error to include the per diem fees term in the judgment without announcing it at sentencing, as the state correctly concedes. *See, e.g.*, *State v. Hostman*, 343 Or App 506, 513, 579 P3d 253 (2025) (concluding that it was error to include previously unannounced per diem fees provision in sentencing judgment); *State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) (same). In this circumstance, resentencing is necessary. *See Priester*, 325 Or App at 581 (explaining that, when such an error occurs, "the result is usually a resentencing").

Remanded for resentencing; otherwise affirmed.